IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


CHARLES MURPHY,

     Plaintiff,

v.                                                  Civil Action No. 5:16CV27
                                                                    (STAMP)

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

     Defendant.


**MEMORANDUM OPINION AND ORDER
DECLINING TO AFFIRM AND ADOPT REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE IN ITS ENTIRETY,
GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
AND DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

I.    Background

The plaintiff, by counsel, filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. In the application, the plaintiff alleges disability since November 19, 2012 due to Stage 3 chronic renal failure, post-traumatic stress disorder ("PTSD"), bulging discs in his back, diabetes and related leg pain, arthritis, and fibromyalgia. The State of West Virginia Consolidated Public Retirement Board ("Retirement Board") had awarded the plaintiff disability retirement on November 2, 2012. The United States Department of Veterans Affairs ("VA") had granted the plaintiff individual unemployability entitlement effective November 15, 2012, "because [he] is unable to secure or follow a substantially gainful

occupation as a result and service connected disabilities." Tr. 1147.

The Social Security Administration ("SSA") denied the plaintiff's application initially and on reconsideration. The plaintiff then appeared with counsel at a hearing before an Administrative Law Judge ("ALJ"). At the hearing, the plaintiff testified on his own behalf, as did a vocational expert. The ALJ issued an unfavorable decision to the plaintiff, finding that he was not disabled under the Social Security Act. The plaintiff then timely filed an appeal of the decision to the Appeals Council. The Appeals Council issued an order vacating the ALJ's decision and remanding the case for a second hearing to resolve the following issues: (1) the record is unclear regarding the nature and severity of the claimant's fibromyalgia; (2) the hearing decision does not consider the treating source opinion by Susan Given, PA-C; and (3) the hearing decision cites case law from outside jurisdictions including several cases from the United States Court of Appeals for the Ninth Circuit. At the second hearing, the plaintiff, represented by counsel, and the vocational expert testified again. The ALJ from the second hearing also issued an unfavorable decision to the plaintiff, finding that he was not disabled under the Social Security Act. On January 8, 2016, the Appeals Council denied the plaintiff's request for review.

On March 7, 2016, the plaintiff then filed a request for judicial review of the ALJ's decision in this Court. The case was

referred to United States Magistrate Michael John Aloi for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Both the plaintiff and the defendant filed motions for summary judgment. After consideration of those motions, the magistrate judge entered a report recommending that the defendant's motion for summary judgment be denied, that the plaintiff's motion for summary judgment be granted, and that the case be remanded for the calculation and award of benefits.  The magistrate judge stated that remand for any other purpose would certainly constitute an entirely unnecessary delay and serve no meaningful purpose.  The defendant filed timely objections.  The plaintiff then filed a response to the defendant's objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979).  Because the defendant filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

III. <u>Discussion</u>

In his motion for summary judgment, the plaintiff argues that the defendant's decision is not supported by substantial evidence. Specifically, the plaintiff alleges that the ALJ erred by (1) failing to afford the VA determination of disability substantial weight without providing good reasons and clearly demonstrating that such deviation is appropriate and (2) assigning reduced weight to the opinions and assessments of treating physicians. The defendant argues in her motion for summary judgment that substantial evidence supports the ALJ's decision with respect to the weight afforded to both the VA disability determination and treating source medical opinions.

The magistrate judge issued a report and recommendation in which he first found that the ALJ failed to afford appropriate weight and consideration to the disability determinations of other agencies. Specifically, the magistrate judge determined that the ALJ erred by failing to afford substantial weight to the VA determination of 100% disability and by failing to consider the disability determination by the Retirement Board. Second, the magistrate judge found that the ALJ failed to give appropriate weight to medical opinions. Specifically, the magistrate judge found that, having reviewed the record and determined that the objective medical evidence is largely consistent with the VA and Retirement Board decisions, there are no good reasons for failing to afford substantial weight to the VA decision. Third, the

magistrate judge found that the ALJ's reasons for finding the plaintiff's subjective complaints not entirely credible are unsupported by substantial evidence. Accordingly, based upon these findings, the magistrate judge held that the civil action should be remanded to the Commissioner for the calculation and award of benefits.

The defendant thereafter filed objections to the magistrate judge's report and recommendation, and the plaintiff filed a response to the defendant's objections. The defendant's first objection is that the magistrate judge improperly reweighed evidence on review and improperly reversed for payment of benefits instead of remanding for the ALJ to make findings of fact and resolve conflicts in evidence. The defendant's second objection is that the ALJ adequately explained her analysis of the 100% VA disability rating, and that the ALJ's rationale is supported by substantial evidence. The defendant further argues that the ALJ is not bound by VA disability ratings because other governmental agency decisions are not based on Social Security law. In the plaintiff's response to the defendant's objections, the plaintiff argues that there was no clear reason for the ALJ to deviate from the VA rating and that the only non-VA based evidence is from SSA-paid doctors who examined the plaintiff either only once or not at all.

The defendant's third objection is that substantial evidence supports the ALJ's assessment of the medical opinions. The

defendant argues that an ALJ can consider the extent to which a medical opinion relies on subjective complaints, as Dr. Bennet Orvik did. The defendant also argues that it was not error for the ALJ to assign less weight to Dr. James A. Arnett's medical opinion because Dr. Arnett was not actively involved in the plaintiff's treatment and never personally examined the plaintiff. As to the medical opinions of Dr. Saima Noon and Dr. Fulvio Franyutti, the defendant argues that the magistrate judge improperly reweighed the ALJ's determination to afford significant weight to the opinions of these two state agency physicians. The plaintiff's response argues that the ALJ is not permitted to substitute her lay medical opinion for the opinions of medical experts.

The defendant's fourth objection is that the ALJ's credibility determination is supported by substantial evidence. The defendant argues that the magistrate judge improperly reweighed the criteria and evidence regarding the credibility of the plaintiff's subjective complaints. Specifically, the defendant argues that the ALJ properly questioned the fibromyalgia diagnosis, properly considered the fact that the plaintiff received only conservative treatment for his fibromyalgia diagnosis and maintained full strength, and properly analyzed the plaintiff's daily activities and lack of compliance with treatment. The plaintiff's response argues that the ALJ did not adequately evaluate the plaintiff's fibromyalgia, particularly because the defendant relies on medical sources who did not examine the plaintiff or test the plaintiff for

fibromyalgia.  The plaintiff also argues that the defendant does not provide any "logical bridge" as to why conservative treatment is a reason to disbelieve the plaintiff and that the ALJ may not substitute her interpretations of daily living activities for those of the medical experts.  Additionally, the plaintiff argues that the defendant failed to cite any particular non-compliance issues related to fibromyalgia.

As the defendant objects to the entirety of the magistrate judge's report and recommendation, this Court conducted a de novo review of the entire report and recommendation.  First, as to the ALJ's deviation from the VA finding of 100% disability, the Court finds that the ALJ does have enough clear reasons to survive this Court's review.  The ALJ goes into sufficient detail to explain his reasoning and his deviation from the VA determination is proper under Bird v. Commissioner of Social Security Administration, 699 F.3d 337 (4th Cir. 2012).  Pursuant to Bird, an ALJ may give "less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate."  Bird, 699 F.3d at 343.

Unlike in Bird where the ALJ did not demonstrate that deviation was appropriate, the ALJ in the present case clearly demonstrated that her deviation from the VA disability rating was properly based in medical evidence from the relevant period. See Hutton v. Colvin, No. 2:14CV63, 2015 WL 3757204, at *28-30 (N.D. W. Va. June 6, 2015) (finding that, pursuant to Bird, "the ALJ's

7

determination to accord the VA disability rating little weight was supported by substantial evidence"). The ALJ demonstrated that her deviation from the VA rating was a result of her finding that the VA decision was out of proportion with the objective findings in the medical records. The ALJ explained that the medical evidence from the relevant period demonstrated that the plaintiff showed only mild findings of the lumbar spine, a stable kidney condition, conservative mental health treatment, and non-compliance with diabetes and sleep apnea treatment. Tr. 35. The ALJ also discussed the plaintiff's lack of neuropathy, mild degenerative changes in his back, treatment with a TENS unit, general lack of compliance with treatment, and normal muscle strength. Tr. 29-32.

Second, the Court finds that the substantial evidence supports the ALJ's assessment of the medical opinions of Dr. Orvik, Dr. Arnett, Dr. Noon, and Dr. Franyutti. As to the opinion of Dr. Orvik, a consulting medical physician, an ALJ may consider the extent to which a medical opinion relies on subjective complaints. See Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996) ("[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight."); Hines v. Barnhart, 453 F.3d 559, 565 n.3 (4th Cir. 2006) (noting that a claimant's subjective complaints "need not be accepted to the extent they are inconsistent with the available evidence" (quoting Craig, 76 F.3d at 595)). It is appropriate for an ALJ to reject "a conclusory

[medical] opinion based [only] upon [the claimant's] subjective reports of pain." Craig, 76 F.3d at 590. Here, Dr. Orvik stated his reliance on the plaintiff's own subjective explanation of his limitations, and the ALJ properly noted this fact when according less weight to Dr. Orvik's medical opinion. Tr. 719.

Dr. Anrett is the physician who signed off on the Residual Functional Capacity Assessment ("RFCA") form completed by Mr. Jeffrey Riggs, a physician's assistant. The ALJ made a reasonable inference, based on the evidence in the record, that Dr. Arnett was not actively involved in the plaintiff's treatment. Rather, the record suggests that Dr. Arnett merely signed off on the RFCA form completed by Mr. Riggs, and the ALJ cited facts supporting this inference. Tr. 34. Thus, the ALJ also properly and clearly demonstrated why she afforded less weight to the medical opinion of Dr. Arnett.

Dr. Noon and Dr. Franyutti are two state agency physicians to whose opinions the ALJ afforded significant weight. State agency physicians are considered experts in the Social Security disability analysis. 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i). The ALJ clearly demonstrated that she afforded greater weight to these two medical opinions because their opinions are supported by substantial evidence in the record. The record supports the two state agency physicians' conclusion that the plaintiff retained some ability to work. For example, the ALJ pointed to evidence in the record of the plaintiff's conservative treatment, full muscle

9

strength, lack of muscle atrophy, and imaging showing only mild lumbar degenerative changes. Tr. 29-33.

Third, the Court finds that the plaintiff waived his argument that the ALJ erred by failing to discuss the Retirement Board decision. The plaintiff did not raise this argument in the initial hearings and the record does not even include the Retirement Board's opinion. All the record includes is the Retirement Board's decision, and all the report and recommendation cites to, is a very brief letter that is not enough for the Court to consider. Tr. 1148; see also Arthur v. Astrue, No. 6:11-2185, 2012 WL 4890374, at *4, n.2 (D.S.C. Sept. 13, 2012) (finding that, after an ALJ's unfavorable decision as to the plaintiff, it was improper for the court to discuss evidence not raised before the unfavorable decision) (citing Moseley v. Branker, 550 F.3d 312, 325 n.7 (4th Cir. 2008)). Thus, the ALJ did not err in declining to address the decision from the Retirement Board because that decision was not before her.

Fourth, this Court finds that the ALJ's credibility determination is supported by substantial evidence. An ALJ's credibility determinations are "virtually unreviewable" by this Court. Darvishian v. Geren, No. 08-1672, 2010 WL 5129870, *9 (4th Cir. Dec. 14, 2010) (citing Bieber v. Dept. of the Army, 287 F.3d 1358, 1364 (Fed. Cir. 2002)). An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is

that which a "reasonable mind might accept as adequate to support a conclusion." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

The ALJ's explanation of her conclusions on the plaintiff's fibromyalgia is adequate. An ALJ is required to conduct her own analysis of a fibromyalgia diagnosis. See SSR 12-2p, 2012 WL 3104869, at *2 (explaining that, in fibromyalgia cases, an ALJ "cannot rely upon the physician's diagnosis alone"). In the ALJ's independent analysis of the plaintiff's fibromyalgia, the ALJ nonetheless found the plaintiff's fibromyalgia to be a severe medically determinable impairment. Tr. 32. Thus, it was not error for the ALJ to question the physician's fibromyalgia diagnosis.

In weighing the credibility of the plaintiff's subjective limitations from fibromyalgia, the ALJ properly discusses the plaintiff's conservative treatment and daily living activities. An initial fibromyalgia diagnosis does not prevent the ALJ from assessing credibility factors to determine the extent of any functional limitations. See Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) (noting that, in the case of a fibromyalgia diagnosis, "[t]here must [also] be a showing of related functional

11

loss"); SSR 12-2p, 2012 WL 3104869 (providing that the two-step credibility analysis and related factors set forth in SSR 96-7p also apply in fibromyalgia cases).

Conservative treatment is an appropriate credibility factor to consider in fibromyalgia cases. See SSR 12-2p, 2012 WL 3104869, at *5 (noting that an ALJ should evaluate "the nature and frequency of the person's attempts to obtain medical treatment for symptoms"); Cheney v. Colvin, No. CIV.A. 2:12-3366-TMC, 2014 WL 1268575, at *5 (D.S.C. Mar. 26, 2014) ("While fibromyalgia is a condition which eludes objective measurement and is difficult to assess and treat, the ALJ did not err in noting that [the claimant's] fibromyalgia was treated in a routine and conservative manner."). Here, the ALJ discusses evidence in the record demonstrating that the plaintiff's symptoms were responsive to therapy and that he has no limitation in mobility. Tr. 41, 546, 1549, and 1557. The ALJ's opinion is also supported by evidence that the plaintiff retained normal strength, no atrophy, no sensory loss, and full motor functioning. Tr. 718, 720, 1285-87, 1549, and 1557. Thus, the ALJ properly supported her opinion with the plaintiff's conservative treatment and other medical evidence from the record.

The ALJ also properly supported her consideration of the plaintiff's daily activities with substantial evidence. The ALJ reasonably concludes that the plaintiff's daily activities indicate that the plaintiff is capable of performing the range of work identified in the plaintiff's RFC. The plaintiff's RFC indicates

that he can perform sedentary work accommodating the need for a cane. Tr. 27. The plaintiff's daily activities include helping with cooking, using a computer, gardening, caring for a dog, driving, shopping, attending basketball games, eating out, and using a riding mower. Tr. 414, 497, and 1266. The ALJ acknowledged that the plaintiff most recently testified to participating in few of these daily activities, but medical evidence supported the ALJ's finding that there had not been enough deterioration in the plaintiff's condition to warrant his alleged reduction in daily activities. Tr. 29. Thus, sufficient evidence supported the ALJ's conclusion that the plaintiff could manage a limited range of sedentary work accommodating the need for a cane.

Lastly, the ALJ also supported her consideration of the plaintiff's non-compliance with treatment with substantial evidence. Specifically, the ALJ noted evidence in the record indicating that the plaintiff did not comply with his insulin treatment and did not consistently pursue psychological treatment. Tr. 30, 35. Thus, there was also substantial evidence of the plaintiff's non-compliance with treatment with which to support the ALJ's findings in her credibility analysis. See Mickles v. Shalala, 29 F.3d 918, 930 (4th Cir. 1994) (finding that an inconsistency between subjective complaints about a condition and "the treatment [the claimant] sought to alleviate that condition is highly probative of the claimant's credibility").

13

This Court has reviewed the record, as well as the parties' motions for summary judgment, and, after a <u>de novo</u> review, this Court finds that substantial evidence supports the ALJ's findings. Accordingly, this Court declines to adopt and affirm the magistrate judge's report and recommendation in its entirety.

## IV. <u>Conclusion</u>

Based upon a <u>de novo</u> review, this Court declines to affirm and adopt the magistrate judge's report and recommendation in its entirety. Thus, for the reasons stated above, the defendant's motion for summary judgment is GRANTED and the plaintiff's motion for summary judgment is DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:    March 13, 2017

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE